# Order

Michigan Supreme Court
Lansing, Michigan

March 8, 2019

Bridget M. McCormack,
Chief Justice

David F. Viviano,
Chief Justice Pro Tem

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
Justices

158060

TRACY C. BRICKEY and BRANDY BRICKEY,
          Plaintiffs-Appellees,

v                                                    SC:  158060
                                                     COA:  337448
                                                     Lenawee CC:  16-005615-NI
VINCENT LAVON McCARVER and
CR MOTORS OF ADRIAN, INC.,
          Defendants-Appellants.

_____/

On order of the Court, the application for leave to appeal the April 17, 2018 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.

ZAHRA, J. (*concurring*).

I concur in the denial of leave because the pertinent provisions of the no-fault act, MCL 500.3101 *et seq.*, do not bar an award of damages to a party operating his or her uninsured motorcycle when that person is involved in an accident with a motor vehicle and sustains injuries. This may be a legislative oversight that can be corrected only through the legislative process. This case raises perhaps the most perverse aspect of the Michigan no-fault act: that is, the proposition that a person may drive a motorcycle without insurance and receive no-fault benefits if the person is merely "involved" in an accident with a motor vehicle and sustains injury. This is based on MCL 500.3114(5), which allows "[a] person suffering accidental bodily injury arising from a motor vehicle accident that shows evidence of the involvement of a motor vehicle while an operator or passenger of a motorcycle shall claim personal protection insurance benefits from insurers . . . ." Further, MCL 500.3135(2)(c) only precludes an award of damages for "a party who was operating his or her own vehicle at the time the injury occurred and did not have in effect for that motor vehicle the security required by [MCL 500.3101] at the time the injury occurred." The security requirement in MCL 500.3101 applies to owners

or registrants of motor vehicles, but expressly provides that the term "motor vehicle" does not include a motorcycle. Because MCL 500.3101 does not require security on motorcycles, the fact that plaintiff's motorcycle was uninsured does not preclude his action for tort damages.

MARKMAN, J., joins the statement of ZAHRA, J.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

March 8, 2019



Clerk

s0305